IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN J. MILES, #157867                    *
           Petitioner,
      v.                                   *   CIVIL ACTION NO. AW-10-143

STATE OF MARYLAND                           *
DISTRICT OF COLUMBIA
           Respondents.              *
                          ***

## MEMORANDUM

A brief overview of Kelvin Miles's writ-filing history is warranted.   He has filed approximately twenty-six federal habeas corpus petitions in this district with regard to his 1979 and 1980 Maryland convictions.   The prior petitions were dismissed, either on the merits, as an abuse of the writ, or as successive.[1]  Miles was repeatedly informed of the "gatekeeper" requirement for successive petitions under 28 U.S.C. § 2244(b)(3)(A).  The most recent dismissals were entered in November of 2004 and April and November of 2005.   *See Miles v. Warden*, Civil Action No. AW-04-3660 (D. Md.); *Miles v. Warden*, Civil Action No. AW-05-1139 (D. Md.); and *Miles v. Prince George's County Gov't State's Attorney's Office, et al.*., Civil Action No. AW-05-2960 (D. Md.).[2]

The instant Petition for Writ of Habeas Corpus was received by the Clerk on January 12, 2010.  Miles seemingly raises habeas grounds concerning violations of the Double Jeopardy Clause and the Interstate Agreement on Detainers ("IAD") regarding his  Maryland convictions.   Paper

---

[1]    Petitioner's appeals were dismissed by the Fourth Circuit.  *See Miles v. Rollins*, 887 F.2d 1080, 1989 WL 117864 (4th Cir., October 5, 1989); *Miles v. Rollins*, 927 F.2d 596, 1991 WL 22917 (4th Cir., Feb. 27, 1991); *Miles v. Waters*, 105 F.3d 647, 1997 WL 1876 (4th Cir., Jan. 7, 1997).

[2]    The United States Court of Appeals for the Fourth Circuit dismissed the appellate filings in the cases.  *See Miles v. Warden*, 126 Fed. Appx. 116 (4th Cir. April 18, 2005) (per curiam); *In re: Miles*, 143 Fed.Appx. 551 (4th Cir. Sept. 21, 2005) (per curiam); and *Miles v. Prince George's County Gov't State's Attorney's Office, et al.,* 201 Fed. Appx.  916 (4th Cir. 2006) (per curiam).

No. 1.

The cause of action plainly represents yet another dogged attempt to invoke this court's

habeas corpus jurisdiction in order to overturn Miles's Maryland convictions.  It has been construed

as a successive 28 U.S.C. § 2254 petition, which shall be dismissed without prejudice pursuant to 28

U.S.C. § 2244(b)(3)(A).[3]  A separate Order follows.


Date:  January 29, 2010                                   //s//                     
                                                   Alexander Williams Jr.
                                                   United States District Judge

---

[3]     The Petition was not accompanied by the filing fee.  Miles shall not be required to cure this
deficiency.